IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | : | |
| Plaintiff | : | No. |
| | : | |
| v. | : | |
| | : | |
| GORDON R. ENGLAND, | : | |
| SECRETARY, UNITED STATES | : | JURY TRIAL DEMANDED |
| DEPARTMENT OF THE NAVY, | : | ON BOTH COUNTS |
| Defendant | | |

COMPLAINT

Count I

(Discrimination)

1.     John Doe is a pseudonym for the Plaintiff, who is an adult male, who resides in the Middle District of Pennsylvania.

2.     Defendant is Gordon R. England, Secretary of the United States Department of the Navy.

3.     At all times material hereto John Doe was a civilian employee of the United States Department of the Navy.

4.     All of the events complained of herein by John Doe, except the incident described in Italy, took place in the Middle District of Pennsylvania at what is known locally as the Mechanicsburg Naval Depot.

5.     At all times material hereto John Doe was over the age of 40 years

old.

6.      John Doe has a history of treatment for psychological problems and is regarded by the Department of the Navy as being disabled because of those psychological problems.

7.      In 1987, while employed by the Navy in Italy as a civilian supervisory employee, John Doe was subjected to same-sex sexual harassment by his supervisor, a Navy Supply Captain.  (The Captain performed oral sex on John Doe while John Doe was under the influence of alcohol.)

8       John Doe "opposed" this sexual harassment by reporting it to various Naval authorities and by giving statements to Naval investigators.

9.      John Doe was never previously advised that the aforesaid sexual assault might constitute same-sex sexual harassment or that his reporting of such might be considered "opposition" to that sexual harassment.

10.     As a result of John Doe's opposing this sexual harassment, court martial proceedings were initiated against the Navy Captain.

11.     However, the Navy Captain was never court-martialed.  Instead he was given a "Captain's Mast" and he was allowed to resign from the Navy with full rank and pension.

12.     Thereafter, the Navy retaliated against John Doe by purporting to revoke his security clearance and by proposing to terminate his employment.

13.    At that time, John Doe did not have a security clearance for one to be revoked.

14.    John Doe responded to the proposed termination of employment by filing an EEO complaint claiming that the proposed termination discriminated against him because of his "mental handicap".  (psychological problems)

15.    The outcome of that prior EEO complaint was a Settlement Agreement whereby John Doe agreed to take a voluntary change to a lower grade [from a GM13 <u>Supervisory</u> Systems Analyst to a GS11 (<u>Non-Supervisory</u>) Supply Systems Analyst] and the Navy agreed to rescind its notice of proposed removal.

16.    Thereafter, over a period of several years, John Doe unsuccessfully sought re-promotion back to a supervisory position.

17.    In 1998, believing that his continued lack of success in being re-promoted to a supervisory position was further retaliation against him, John Doe again made a second EEO complaint to an EEO Counselor.

18.    While John Doe's second EEO complaint was in its informal state of investigation, the Navy selected John Doe for promotion to a supervisory position.

19.    Having received this promotion back to supervision, John Doe advised the EEO Counselor that he was withdrawing his EEO complaint.

20.    Although John Doe believes that he was the best qualified person for this promotion; he also believes that the promotion was given to him in the hope

that he would drop his second EEO complaint.

21.    John Doe remained in his new supervisory position (Supervisory Information Technology Specialist) until January 2002 when his access to classified information was removed and he was reassigned to a "dead-end", non-supervisory position.

22.    The reason given by the Navy for removing John Doe's access to classified information and for reassigning him to that non-supervisory position was that John Doe supposedly lied on a security questionnaire form as to whether he ever had a security clearance revoked.

23.    This reason given by the Navy for its actions is a pretext for illegal discrimination.

24.    All attempts thereafter by John Doe to get back into supervision or to be promoted have proven to be unsuccessful even though the Department of the Navy's Central Adjudication Facility (DONCAF) has determined that no grounds existed to deny John Doe's access to classified information.

25.    This recent decision by the Navy to remove John Doe's access to classified information and to once again remove John Doe from supervision and to keep him out of supervision is motivated by John Doe's sex (Male), age (over 40 years of age), perceived mental disability (history of psychological problems), retaliation for "opposing" same-sex sexual harassment, and retaliation for making

prior EEO complaints.

26.    Even though John Doe's access to classified information was  later restored; the unpleasantness of the whole situation caused a hostile work environment and made John Doe decide to retire.

27.    John Doe's retirement, effective September 30, 2004, is a constructive discharge.

28.    This Court has subject matter jurisdiction over Count I of this Complaint under 42 U.S.C.§2000e-16(c),  42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1331.

29.    Venue over Count I is in the Middle District because this is the District in which John Doe is employed and the discrimination occurred.

WHEREFORE, Plaintiff John Doe requests this District Court to provide him with the following relief as to Count I:

A.    Front pay in lieu of reinstatement;

B.    Back pay and other lost economic benefits;

C.    Compensatory damages;

D.    Prejudgment and Post Judgment interest;

E.    A reasonable attorney's fee; and

F.    Any other relief that the District Court determines to be fair, legal, equitable or just under the circumstances.

## COUNT II

### (Privacy Act Violation - Unauthorized Disclosure)

30.     Paragraphs 1 through 29 hereof are incorporated herein by reference as if set forth at length.

31.     John Doe's security records, including, but not limited to, his answers to security questionnaires are records covered by the Privacy Act, 5 U.S.C. §522a.

32.     The Navy violated John Doe's rights under the Privacy Act by intentionally and willfully disclosing the contents of those security records to individuals who were not legally authorized to receive that information.

33.     Said intentional and willful disclosure of John Doe's security records had an adverse impact on John Doe -- that adverse impact being that it led to the removal of John Doe's access to classified information and his reassignment to a non-supervisory position.  It also caused him to suffer severe emotional distress, humiliation, and embarrassment.

34.     This Court has subject jurisdiction over Count II of this Complaint under 5 U.S.C. §522a(g)(1).

35.     Venue over Count II is in the Middle District of Pennsylvania because this is the District in which John Doe was employed and the discrimination occurred.

WHEREFORE, Plaintiff John Doe requests this District Court to provide

him with the following relief as to Count II:

      A.      Compensation for the actual damages suffered by John Doe;

      B.      Prejudgment and Post Judgment Interest;

      C.      A reasonable attorney's fee;

      D.      Any other relief that the District Court determines to be fair, legal, equitable, or just under the circumstances.

September 29, 2004

      /s/ Ralph B. Pinskey
      Ralph B. Pinskey
      PINSKEY & FOSTER
      114 South Street
      Harrisburg, PA  17101
      (717) 234-9321
      (717) 234-7832 (fax)
      Attorney for Plaintiff