IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN DOE,** | : | |
| | : | **1:CV-04-2170** |
| Plaintiff | : | |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **GORDON R. ENGLAND,** | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's appeals of Magistrate Judge Smyser's December 1, 2005 and December 2, 2005 Orders. (Doc. Nos. 29 and 31.) Having been fully briefed, the matter is now ripe for adjudication.

**I.    Background**

This Court set deadlines in the above-captioned case pursuant to a Standard Case Management Track, issued on January 28, 2005. (Doc. No. 8.) Close of fact discovery was originally set for September 30, 2005, but the Court extended this deadline to November 11, 2005 per Plaintiff's unopposed motion to extend time. (Doc. Nos. 8-10.) On October 31, 2005, the Court held a discovery dispute telephone conference to address Plaintiff's objections to Defendant's interrogatory sets. (Doc. No. 11.) Upon consideration of the interrogatory sets, Plaintiff's objections thereto, and the applicable law, the Court overruled Plaintiff's objections in part and ordered Plaintiff to answer all of Defendant's interrogatories contained within the first and second sets, except for Interrogatory 11(b). (Doc. No. 12.) Prior to expiration of the discovery deadline, counsel for Plaintiff requested a discovery conference to resolve "disputes pertaining to Defendant's Responses to Plaintiff's second set

of Interrogatories and Plaintiff's Second Request for Production of Documents." (Doc. No. 29 at 4.) Shortly thereafter on November 7, 2005, Plaintiff filed a Motion to Suspend the Case Management Schedule. (Doc. No. 13.)

By Order dated November 14, 2005, this Court referred Plaintiff's Motion to Suspend Case Management Schedule to Magistrate Judge Smyser for resolution, including "any discovery disputes in connection thereto." (Doc. No. 16.) On December 1, 2005, the Magistrate Court heard argument on the outstanding discovery disputes and Plaintiff's motions to suspend the case management schedule and extend all deadlines in this case. (Doc. No. 24.) In his December 1, 2005 Order, Magistrate Judge Smyser found no valid basis for suspending the case management schedule and extending discovery. (Doc. No. 25.) In particular, the Magistrate Court found that "plaintiff's counsel [had] not take[n] any discovery measures authorized under the Federal Rules of Civil Procedure until May of 2005 and did not schedule depositions until August of 2005." (Doc. No. 25.) Upon consideration of the arguments at hearing and the record as a whole, the Magistrate Court found that Plaintiff had not demonstrated the requisite "good cause" necessary to further extend discovery. (Doc. No. 25.) By Order dated December 2, 2005, the Magistrate Court granted Plaintiff's motion to extend the deadline for filing dispositive motions, but only to January 10, 2006. (Doc. No. 28.) Subsequently, Plaintiff filed the two instant appeals to the Magistrate Court's orders, wherein Plaintiff seeks suspension of the Case Management Schedule and resolution of the outstanding discovery disputes. (Doc. Nos. 29 and 31.) Defendant only objects to the extent that Plaintiff seeks to reopen discovery. (Doc. No. 33.)

**II.     Standard of Review**

Pursuant to Local Rule 72.2, "[a] judge of the court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." L.R. 72.2. See also 28 U.S.C. § 636(b)(1)(A) (2005) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the [magistrate judge's] order is clearly erroneous or contrary to law"); Fed. R. Civ. P. 72(a) ("The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law"). A finding is "clearly erroneous when the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." In re Life USA Holding, Inc., 242 F.3d 136, 143 (3d Cir. 2001) (citing United States v. Igbonwa, 120 F.3d 437, 440 (3d Cir. 1997)).

**III.    Discussion**

Upon review of the record, the Court does not find the Magistrate Court's orders pertaining to Plaintiff's motions to extend deadlines clearly erroneous and Plaintiff makes no arguments and points to no authority demonstrating that the orders are contrary to law. The discovery deadline had already been extended by six weeks. Moreover, Plaintiff's decision to wait until May of 2005 to propound formal discovery requests on Defendant weighs heavily against a finding of good cause. Viewing the record before it, this Court agrees with the Magistrate Court that Plaintiff has failed to demonstrate good cause to further extend discovery for an undefined amount of time.

With regard to the Magistrate Court's December 2, 2005 Order, the Magistrate Court

granted Plaintiff an extension to file dispositive motions, though not as great of an extension as Plaintiff sought. (Doc. No. 28.) Again, Plaintiff points to no authority demonstrating that this discretionary decision by Magistrate Judge Smyser was contrary to law. The Court finds no clear error in either of these rulings. Accordingly, the Court will deny Plaintiff's appeals on these issues.

The Court does not agree with the Magistrate Court that all outstanding discovery disputes have been resolved. In its Order denying extension of discovery, the Magistrate Court also held that "[i]n that the discovery deadline in this case has passed, this Order resolves all outstanding discovery disputes." (Id.) The Court credits Plaintiff counsel's assertion that he telephoned the Court prior to the expiration of the discovery deadline and requested a hearing on the discovery disputes. (Doc. No. 30 at 5.) Moreover, both parties presently seek resolution of these discovery disputes. As the matters were before the Court prior to the expiration of discovery, the mere passage of the deadline does not moot the disputes. Accordingly, the Court will grant Plaintiff's appeal as to the two outstanding discovery disputes and schedule a telephone conference to resolve the issues.

**IV.     Order**

**AND NOW**, this 13th day of February, 2006, upon consideration of the record and for the reasons discussed above, **IT IS HEREBY ORDERED THAT** Plaintiff's appeals are **DENIED** in part and **GRANTED** in part, as follows:

1. Plaintiff's appeal of the Magistrate Court's December 2, 2005 Order is **DENIED**.  (Doc. No. 31.)

2. Plaintiff's appeal of the Magistrate Court's December 1, 2005 ruling on Plaintiff's discovery disputes is **GRANTED**.  In all other respects, Plaintiff's appeal is **DENIED**.  (Doc. No. 29.)

3. A telephone conference will be held on February 21, 2006, at 11:00 a.m. to address the remaining discovery disputes in this case.  Plaintiff's counsel shall initiate this conference call.  The telephone number of the Court is 717-221-3990.

 S/ Yvette Kane  
Yvette Kane  
United States District Judge